IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21106
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MARIO MAGANA-FRIAS,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-514-1
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Mario Magana-Frias appeals from his guilty plea conviction
and sentence for illegal reentry by a previously deported alien
in violation of 8 U.S.C. § 1326(b).  First, Magana-Frias argues
that the indictment failed to allege that he had committed any
act in violation of 8 U.S.C. § 1326 because the indictment had
passively alleged only that he had been found in the United
States without permission.  This argument is foreclosed by the
court's recent decision in United States v. Tovias-Marroquin, 218

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 455, 456-57 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 670 (2000).

Next, Magana-Frias argues that the indictment was insufficient because it failed to allege any specific intent element.  He concedes, however, that this argument is foreclosed by <u>United States v. Ortegon-Uvalde</u>, 179 F.3d 956, 959 (5th Cir.), <u>cert. denied</u>, 528 U.S. 979 (1999), and he raises the issue only to preserve it for possible Supreme Court review.

Finally, Magana-Frias argues that the indictment was insufficient because it failed to allege any <u>mens rea</u>.  This court's recent decision in <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233 (5th Cir. 2000), is dispositive.  The indictment alleged every statutorily required element of 8 U.S.C. § 1326 and fairly imported that Magana-Frias's reentry was a voluntary act in view of the allegations that he had been deported and removed, and that he was present without having obtained the consent of the Attorney General.  Magana-Frias failed to challenge the element of voluntariness.  Consequently, under <u>Guzman-Ocampo</u>, the indictment was statutorily sufficient.

Accordingly, the judgment of conviction is AFFIRMED.